United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-40728
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE EPIFANIO ELIZARRARAZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-781-ALL
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Jose Epifanio Elizarraraz appeals his jury-trial conviction on four counts of transporting illegal aliens, conspiracy, and aiding and abetting in violation of 8 U.S.C. § 1324(a)(1)(A). Elizarraraz argues that the district court abused its discretion in allowing improper opinion testimony by a law enforcement agent and that the evidence was insufficient to sustain his convictions.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Contrary to Elizarraraz's contentions, the law enforcement agent who testified at his trial did not offer profile evidence or improper opinions regarding his guilty knowledge of the presence of the illegal aliens in the trailer of his tractor-trailer. The agent offered his analysis of the evidence found in Elizarraraz's case in the light of his special knowledge of alien smuggling. See United States v. Speer, 30 F.3d 605, 610 & n.3 (5th Cir. 1994). Such testimony was admissible and the district court did not abuse its discretion in allowing it. See id.

In asserting that the evidence was insufficient, Elizarraraz challenges the guilty-knowledge elements of the crimes of conviction. Elizarraraz's control of the tractor-trailer, considered together with the evidence of his failure to seal or lock his load, his nervous behavior, his inconsistent statement about his home address, the testimony of the aliens, and the testimony of the agent describing a typical alien-smuggling operation, was sufficient evidence from which the jury could infer Elizarraraz's guilty knowledge. See United States v. Pennington, 20 F.3d 593, 598 (5th Cir. 1994).

Viewing the evidence in the light most favorable to the Government and giving the Government the benefit of all reasonable inferences, there is sufficient evidence from which the jury could infer that Elizarraraz knew that the illegal aliens were in the trailer of his tractor-trailer and that he knowingly participated in and aided and abetted an alien-

smuggling conspiracy.  See id. at 597-99.  Because "a reasonable trier of fact could [have] f[ou]nd that the evidence establishe[d] guilt beyond a reasonable doubt," Elizarraraz's insufficiency-of-the-evidence claim fails.  See United States v. Bell, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc), aff'd, 462 U.S. 356 (1983).

Accordingly, the district court's judgment is AFFIRMED.